UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 1:07-CV-0092-SEB-VSS ) |
| FREDERIC W. BAUTER D/B/A BAUTER APPRAISAL SERVICE, | ) ) ) |
| Defendant. | ) |

### AGREED JUDGMENT

Plaintiff, Lexington Insurance Company ("Lexington") and Defendant, Frederic W. Bauter d/b/a Bauter Appraisal Service ("Bauter"), by their respective counsel, hereby stipulate and agree to the following facts:

1. On and prior to October 4, 2005, Bauter was an insured under a Real Estate Appraiser's Professional Liability Insurance policy issued by Lexington, through a Master Policy with The American Academy of State Certified Appraisers – Master Policy Number ███3872 (the "Master Policy") for a Certificate Period that was to expire on or about December 26, 2005.

2. Bauter, on or about October 4, 2005, completed, signed and delivered to Lexington an American Academy of State Certified Appraisers, Risk Purchasing Group, Real Estate Appraisers Errors & Omissions Insurance Renewal Form (the "Renewal Application"), a true and correct copy of which was attached to Plaintiff's Complaint as **Exhibit "A".**

3. On or about January 4, 2006, in reliance upon the truth of the contents and representations in Bauter's Renewal Application, Lexington issued the Certificate Declaration and renewed Bauter's Real Estate Appraiser's Professional Liability Insurance policy, Certificate Number ▮1648, for the Certificate Period December 26, 2005 to December 26, 2006 (the "Bauter Policy"). The Bauter Policy incorporated all of the terms and conditions set forth in the Master Policy.

4. The Renewal Application contained the following material misrepresentations:

   a) In response to Question No. 4, that Bauter was unaware of circumstances which may lead to the filing of a claim against him and by failing to disclose that he was aware of such circumstances;

   b) In response to Question No. 5, that Bauter had not been the subject of a disciplinary action by a regulatory body as a result of professional activities, and by failing to disclose that he had been a subject of such actions;

   c) That Bauter's residential real estate appraiser's license was current and valid, although his license had previously been suspended and, therefore, was no longer valid.

5. By a letter dated January 4, 2007, a true and correct copy of which was attached to Plaintiff's Complaint as **Exhibit "B"**, Lexington notified Bauter of its decision to rescind the Bauter Policy.

6. Lexington has refunded all premiums paid by or for the benefit of Bauter with respect to the Bauter Policy for the Certificate Period of December 26, 2005 to December 26, 2006.

7.	During the Certificate Period, Bauter was named as a defendant in the following actions currently pending in the United States District Court for the Southern District of Indiana and in the Superior Court of Marion County, Indiana, respectively, <u>Amelia Watkins, et al. v. Robert Penn, Frederic Bauter, et al.</u>, Docket Number 1:06-CV-1473 (the "<u>Watkins</u> Action") and <u>Countrywide Home Loans, Inc. v. Robert Penn, Frederick Bauter, et al.</u>, Cause Number 49-D02-0606-PL-025819 (the "<u>Penn</u> Action").

8.	On January 23, 2007, Lexington filed its Complaint against Bauter alleging that Bauter procured a policy of insurance based upon a renewal application that contained materially false and/or inaccurate representations and seeking the following judicial declarations: (1) that it is entitled to rescind the Bauter Policy and that said policy is void *ab initio*; (2) that it is entitled to rescind the Bauter Policy because that policy was procured based on a renewal application for insurance that contained material false or inaccurate representations; and (3) that it has no duty to defend or indemnify Bauter in the <u>Watkins</u> or <u>Penn</u> actions, or any other actions that may arise during the Certificate Period.

9.	Based upon the foregoing, the Parties stipulate and agree to the entry of a Final Judgment in favor of Lexington and against Bauter declaring that:

(a)	the Bauter Policy, Certificate Number ▮1648, is rescinded;

(b)	the Bauter Policy, Certificate Number ▮1648, is void *ab initio*; and

(c)	that Lexington has no obligation to defend, indemnify or reimburse Bauter or any other person or entity with respect to the claims asserted in the <u>Watkins</u> and <u>Penn</u> Actions or any other claims that were or may have been asserted against Bauter during the Certificate Period;

3

10. The Parties agree that each Party shall bear its own respective costs and attorney fees in this matter.

11. The Parties agree that this Agreed Judgment is a Final Judgment and that the entry of this Agreed Judgment resolves all claims in this lawsuit.

ALL OF WHICH IS AGREED TO:

| **Lexington Insurance Company** | **Frederic W. Bauter d/b/a Bauter Appraisal Service** |
|---|---|
| By:  /s/ John D. Nell<br>John D. Nell<br>WOODEN & MCLAUGHLIN LLP<br>211 North Pennsylvania Street<br>One Indiana Square, Suite 1800<br>Indianapolis, IN 46204-4208<br>(317) 639-6151 - Telephone<br>(317) 639-6444 – Facsimile<br>jnell@woodmclaw.com | By:  /s/ Bruce D. Brattain<br>Bruce D. Brattain<br>BRATTAIN & MINNIX<br>151 N. Delaware St., #760<br>Indianapolis, IN 46204<br>(317) 231-1750 - Telephone<br>(317) 231-1760 - Facsimile<br>batmi5@aol.com |

The Court, having read the proposed Agreed Judgment and being duly advised, now finds that the relief requested by the parties shall be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that final judgment shall be and hereby is entered in favor of the Plaintiff, Lexington Insurance Company, and against the Defendant, Frederic W. Bauter d/b/a Bauter Appraisal Service on the pending Complaint as follows:

1.  The Bauter Policy, Certificate Number 1648, is rescinded;

2.  The Bauter Policy, Certificate Number 1648, is void *ab initio*;

3.  Lexington has no obligation to defend, indemnify or reimburse Bauter or any other person or entity with respect to the claims asserted in the *Watkins* and *Penn* Actions or any other claims that were or may be asserted against Bauter during the Certificate Period.

4.  Lexington and Bauter shall each bear their own costs, paid or incurred.

Date: 04/27/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

<u>Copies to:</u>

John D. Nell
Jeffrey A. Hammond
W<span>ooden</span> & M<span>c</span>L<span>aughlin</span> LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN  46204-4208

Bruce D. Brattain
B<span>rattain</span> & M<span>innix</span>
151 N. Delaware St., #760
Indianapolis, IN 46204